UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MT. VERNON SCHOOL CORP., ) <br> HANCOCK MADISON SHELBY ) <br> EDUCATIONAL SERVICES, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> A.M. by his Parents and Next Friends, RICH ) <br> and PAM MAIER, ) <br> ) <br> Defendant. ) | Case No. 1:11-cv-00637-TWP-TAB |

**ENTRY ON OBJECTIONS TO MAGISTRATE JUDGE'S
REPORT AND ENTRY ON CASE MANAGEMENT**

This matter is before the Court on the parties' cross motions for summary judgment (Dkts. 62, 25) and Defendant, A.M. by his Parents and Next Friends Rich and Pam Maier's, ("A.M.") motion for sanctions (Dkt. 76). Magistrate Judge Tim Baker made his Report and Recommendation (the "Report") on the motions (Dkt. 90), and Plaintiffs Mt. Vernon School Corporation and Hancock Madison Shelby Educational Services (collectively, the "School") filed timely objections. The Magistrate Judge found the independent hearing officer's findings of fact and conclusions of law are supported by evidence in the administrative record and he recommended that the School's motion for summary judgment be denied and A.M.'s motion for partial summary judgment be granted. He also recommended A.M.'s motion for sanctions be denied. The School raises six specific objections to the Magistrate Judge's Report, generally arguing that the Report does not reflect the law and contains findings not supported by the record. The District Court has conducted a de novo review of the motions and agrees with the Magistrate Judge's Report. The School's motion for summary judgment (Dkt. 65) is therefore

**DENIED.** A.M.'s motion for sanctions (Dkt. 76) is **DENIED** and A.M.'s motion for partial summary judgment (Dkt. 62) is **GRANTED**.

## I. BACKGROUND

The facts of this case are undisputed and set out at length in the Magistrate Judge's Report. *See* Dkt. 90 at 2–5. In short, A.M., now an eighteen-year-old student (born January 1994) is diagnosed with autism and speech impairment. He has significant behavioral issues related to his autism that include physical aggression, hyperactivity, sexual touching, spitting, picking at his gums until they bleed, sleeping troubles, obsession, and difficulty transitioning from one environment to another. A.M.'s autism is so severe that it impacts his ability to function in a normal school environment. A.M.'s parents and the School attempted to develop individual educational plans ("IEP") to address his behavioral issues and educational needs. After a breakdown in educational services for A.M., his parents requested a due process hearing asserting that the School failed to provide A.M. with a free appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA") and provisions relating to special education in Indiana's Administrative Code.

The parties appeared before an independent hearing officer ("IHO"), who after a four-day hearing found that the School procedurally and substantively violated the IDEA and Indiana law, and agreed to the residential placement proposed by the parents. The School appealed the IHO's decision and A.M. requested a preliminary injunction (Dkts. 1, 9). The injunction was granted and the School was ordered to abide by the IHO's order and place A.M. in the residential facility pending the appeal process (Dkt. 29). The parties then filed cross motions for summary judgment (Dkts. 62, 65). The Magistrate Judge found the IHO's findings of fact and conclusions of law are supported by the evidence in the administrative record (Dkt. 90). The School objects to the Magistrate Judge's findings (Dkt. 92).

## II.  LEGAL STANDARD

A.  *De Novo* Review of a Magistrate Judge's Report and Recommendation

As an initial matter, a district court may assign dispositive motions to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any proposed findings of fact.  *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it."  *Schur*, 577 F.3d at 760.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  After a magistrate judge makes a report and recommendation, either party may object within fourteen days.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Further, a judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*  In contrast, a magistrate judge possesses authority to enter orders involving nondispositive motions, which the district judge reviews under a "clearly erroneous or contrary to law" standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

B.  **Summary Judgment Standard**

The party challenging the outcome of the administrative proceedings bears the burden of proof.  *Alex R.*, 375 F.3d at 611.  "When reviewing a motion for summary judgment under the IDEA, which is the procedural vehicle for asking a court to decide the case based on the administrative record, the Court does not apply the traditional summary judgment standard, yet the statutory directive to rule based on the 'preponderance of the evidence' also removes the Court from the usual familiar territory of judicial review of administrative decisions."  *Stanley*,

3

628 F. Supp. 2d at 920 (citing *Evanston Cmty. Consol. Sch. Dist. No. 65 v. Michael M.*, 356 F.3d 798, 802 (7th Cir. 2004); *Todd v. Duneland Sch. Corp.*, 299 F.3d 899, 904 (7th Cir. 2002)).

C.     **Weight Given to IHO's Decision**

"'Any party aggrieved by the findings and decision' of the administrative proceedings may file a civil action in the federal district court or in any state court of competent jurisdiction." *Alex R. ex rel Beth R. v. Forretsville Valley Cmty. Unit Sch. Dist. No. 221*, 375 F.3d 603, 611 (7th Cir. 2004) (quoting 20 U.S.C. § 1415(i)(2)(A)). The party challenging the outcome of the administrative proceeding bears the burden of proof. *Id.* "In deciding whether the challenging party meets that burden, the district court '(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.'" *Id.* (quoting 20 U.S.C. § 1415(i)(2)(C)). On matters of law, the IHO is entitled to no deference. *Id.* On issues of fact, the court must accord "due weight" to the IHO's decision, reviewing the administrative order only if convinced the order is erroneous. *Id.*

## III.  DISCUSSION

A.     **Indiana Disability Education Act and Free Appropriate Public Education**

The IDEA requires school districts, as recipients of federal funds, to "provide children with disabilities a free appropriate public education in the least restrictive environment." *Hjortness ex rel. Hjortness v. Neenah Joint Sch. Dist.*, 507 F.3d 1060, 1064 (7th Cir. 2007). Specifically, the IDEA provides:

> To the maximum extent appropriate, children with disabilities, including children in public or private institutions or other care facilities, are educated with children who are not disabled, and special classes, separate schooling, or other removal of children with disabilities from the regular educational environment occurs only when the nature or severity of the disability of a child is such that education in regular classes with the use of supplementary aids and services cannot be achieved satisfactorily.

20 U.S.C. § 1412(a)(5)(A).  Once a disabled child is identified, "the local school district must evaluate the child's specific needs and develop an individualized educational program, or 'IEP,' outlining the particular special-education services that are necessary to allow the child to learn in the least restrictive environment."  *Jamie S. v. Milwaukee Public Schs.*, 668 F.3d 481, 486 (7th Cir. 2012) (internal quotation marks omitted).  An IEP is created by a team including educational professions and the child's parent or guardian.  *Id.*  A school must provide the services listed in an IEP.  *Id.*  An IEP is an "appropriate" education when it complies with the procedures set forth in the Act and is "reasonably calculated to enable the child to receive educational benefits."  *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westechester Ctny. v. Rowley*, 458 U.S. 176, 206–07 (1982).

  Procedural violations alone do not require a finding of a denial of a FAPE.  *Hjortness*, 507 F.3d at 1065.  "The reenacted IDEA clarifies that, for procedural violations, an IHO may find that a child did not receive a FAPE only if the procedural inadequacies '(I) impeded the child's right to a free appropriate public education; (II) significantly impeded the parents' opportunity to participate in the decision making process regarding the provision of a free appropriate public education to the parents' child; or (III) caused a deprivation of educational benefits.'"  *Stanley C. v. M.S.D. of Sw. Allen Cnty. Schs.*, 628 F. Supp. 2d 902, 920 (N.D. Ind. 2008) (quoting 20 U.S.C. § 1415(f)(3)(E)(ii)).  Substantively, "an IEP is reasonably calculated to enable the child to receive an educational benefit 'when it is likely to produce progress, not regression or trivial educational advancement.'"  *M.B. ex rel. Berns v. Hamilton Se. Schs.*, 668 F.3d 851, 862 (7th Cir. 2011) (quoting *Alex R.*, 375 F.3d at 615).

B.     **Findings on Cross Motions for Summary Judgment**

Magistrate Judge Baker's Report thoughtfully and with detail addressed the parties' motions for summary judgment and in the end, granted the parents' motion for partial summary judgment. The School makes six objections to the particular findings, set forth below, each of which the court shall review de novo.

1.     **Procedural Violations**

aa.  **Failure to Evaluate and Reevaluate A.M.**

The IHO concluded that the School's failure "to initially evaluate the Student and [ ] to reevaluate him in fall 2010 as well" violated the procedural safeguards of the IDEA. The Magistrate Judge found the record supported the IHO's conclusion and that this procedural violation impeded A.M.'s FAPE.[1]  Dkt. 90 at 10. The School argues that the law allows the parties to waive an evaluation, and parents can request an evaluation at any time. Relying on that principle, the School states it "understood A.M.'s needs through ongoing review of reports from his prior residential placement and discussions with the family. The parties are certainly entitled to utilize the provision of Article 7 that gives them the flexibility to *not* conduct a reevaluation." Dkt. 92 at 4. Therefore, the School argues, no violation occurred. The District Court is not persuaded.

The law does allow flexibility for evaluations and reevaluations, however, absent parental agreement the school must evaluate and reevaluate even when no request has been made. Holding meetings and having conversations about A.M.'s needs does not amount to a waiver or somehow absolve the School from conducting the mandatory reevaluation. Further, parents are not required to request a reevaluation, and a failure to do so does not relieve the School of their

---

[1] The School does not present a specific objection or argument on this latter point.

obligation to provide a mandatory three-year reevaluation. The Court finds that the IHO did not misapply the law by finding that the [S]chool was required to conduct a timely initial evaluation and reevaluation.

### bb. Failure to Implement February, May, and August/September IEPs

The IHO concluded the February, May, and August/September IEPs were not implemented in several specific ways. *See* Dkt. 90 at 10–11. Further, the IHO concluded that portions of the IEP could have been completed prior to A.M.'s removal from the program, and no attempt was made to complete two portions. Dkt. 90 at 10–11. The School objects and argues that any failure to implement the IEP can be attributed to A.M.'s early removal and the School committed no violation. It is the School's position that the "IEPs were implemented to the extent allowed by the Defendants." Dkt. 92 at 5.

The Magistrate Judge found the IHO's conclusion was supported by the record and that the School's procedural violations resulted in a denial of a FAPE. He further found the School did not meet its burden on summary judgment to disturb the IHO's decision. Dkt. 90 at 12. The District Court agrees. IDEA imposes both procedural and substantive obligations on plaintiffs. *Hjortness,* 507 F.3d at 1065. Simply stated, because the school failed to implement essential services contained in an IEP, the denial of services impeded the student's ability to receive a FAPE.

### 2. Substantive Violations

The IHO concluded several substantive violations in the IEPs designed for A.M. prevented him from receiving a FAPE. The Magistrate Judge found the record sufficiently supported the IHO's conclusions. *See* Dkt. 90 at 12–19. The Magistrate Judge's Report separately addresses violations in the September 29, 2010 and January 2011 IEPs, supporting his findings for each with extensive analysis and evidence. First, Magistrate Judge Baker agreed

7

with the IHO that "homebound [placement] was not reasonably calculated to provide meaningful educational benefits because A.M. could not accomplish the goals listed in the IEP." Dkt. 90 at 12. He provided examples and relied upon "unrebutted" evidence to reach his conclusion. Dkt. 90 at 13. Second, Magistrate Judge Baker found the evidence supported the IHO's conclusion that residential placement was most appropriate for A.M. Dkt. 90 at 15. He rejected the School's attempt to blame the parents for the deficiency by distinguishing the School's cited cases as inapposite.

The School objects and raises two specific arguments. First, it argues that the School cannot be expected to provide medical services. It interprets the IHO's and Magistrate Judge Baker's findings as imposing medical services onto the School when social service agencies are the proper providers. Dkt. 92 at 10. However, the School does not identify any services being provided to A.M. that can be classified as a medical service.

Second, the School argues that the parents failed to engage in the interactive process to create IEPs that is envisioned under IDEA. Dkt. 92 at 14–16. The School attempts to pass blame for problems in the IEP or its implementation to the parents for failing to engage in the process. The District Court disagrees as A.M.'s parents did actively participate in all of A.M.'s case conferences and participated in the formation of the IEP despite the School's failure to fully address their concerns. As the Magistrate Judge found, this Court finds that there is sufficient evidence in the record to support the IHO's finding that the January 2011 IEP was not reasonably calculated to provide meaningful educational benefits.

    3.    **Relief Granted by the IHO**

        aa.    **Placement at Heartspring**

The IHO determined that residential placement at Heartspring was appropriate. Dkt. 90 at 19. The Magistrate Judge found "the IHO's placement of A.M. at Heartspring is consistent

8

with A.M.'s individualized needs and should not be disturbed." Dkt. 90 at 20. Specifically, the Magistrate Judge found that although "the IHO could have made more specific findings about Heartspring and tailored her findings specifically to A.M., the IHO's findings are sufficient." The School objects and argues "[n]one of Magistrate Judge Baker's conclusions meet the legal standard for compliance with the IDEA. There was zero evidence presented by Defendants showing an individualized program designed for A.M." Dkt. 92 at 20. Therefore, it argues, Heartspring is an inappropriate placement.

The District Court disagrees. The IHO's findings determined that Heartspring is a residential and educational placement facility providing services for autistic students, striving for 100% consistency for the student 24/7—the exact type of placement the IHO found A.M. needs. This conclusion was supported by evidence that it was not the parents alone, but professionals, who recommended Heartspring or the methodology employed there. Because Heartspring is well-equipped to provide the services recommended in the IEPs, the Court agrees with the IHO's determination.

### b. Award of Compensatory Education

The IHO awarded A.M. two years of compensatory education. Relief in the form of reimbursement for out-of-pocket educational expenses, or "compensatory education" as it is formally called, is admittedly an exceptional remedy not expressly authorized by statute. See *Bd. Of Educ. Oak Park & River Forest High Sch. 200 v. Todd A.*, 79 F.3d 654, 657 (7th Cir. 1996). The School objects and argues that the award was not reasonable because no individualized plan was provided that would establish the "placement [the parents] seek is appropriate under the IDEA." Dkt. 92 at 21. Further, the School maintains that any "debt has now been repaid" because A.M. was removed from school in September 2010 and the family's problems did not begin until November 2010. Dkt. 92 at 21. Then, when the IHO ordered that

A.M. should stay in the school program in February 2011, A.M. never returned; "he received nothing at no fault of the School." Dkt. 92 at 22.

The Magistrate Judge found the award was reasonable in light of the IHO's factual findings, addressed the School's reasonableness argument and rejected using a rigid formula to determine relief. In agreement with the IHO's award, the Magistrate Judge reasoned, "When services are denied to a student with severe autism for over a year, it is reasonable for the IHO to conclude that compensatory education beyond a year is needed, perhaps to compensate for the loss of services or to bring up to speed A.M.'s education, which may have regressed during the last year." Dkt. 90 at 23.

The District Court agrees. Under the IDEA, an award of compensatory education, as an equitable remedy is a decision that rests in the sound discretion of the district court. *Brown v Bartholomew Consol. School Corp.* 442 F.3d 588. (7th Cir. 2006.) Because in this case the IHO found both procedural and substantive violations, it was proper to consider other factors to remedy educational deficits created by an educational agency (quoting *Reid ex rel. Reid v. District of Columbia*, 401 F.3d 516, 523 (D.C. Cir. 2005).

### 4. Exclusion of New Evidence

The IHO denied the School's motion during the administrative hearing to present a tape recording of a September 29, 2010 case conference because neither party had relied upon the recording during the proceedings. Dkt. 90 at 25. The Magistrate Judge found the denial was not an abuse of discretion because it was the School's responsibility "prior to the hearing to conduct discovery and take the necessary steps to identify evidence and ensure that it is available at the hearing." Dkt. 90 at 25. The School objects and argues the Article 7 due process hearing does not lend "itself to a case management plan and a reliable discovery process." Dkt. 92 at 23. Therefore, because the evidence was germane to the issues it should have been admitted.

10

As the Magistrate Judge found, even if the IHO abused her discretion, the School has not offered the recording to show that it is contrary to the IHO's conclusions and thus not harmless.

## C. The Court's Review

The Court has carefully reviewed the extremely thorough Report and Recommendation of Magistrate Judge Baker (Dkt. 90), and has considered *de novo* those portions to which the School has objected. On all points, the Court reaches the same conclusions as did the Magistrate Judge. Accordingly, the Court adopts the Magistrate Judge's recommendations to grant A.M.'s motion for summary judgment and deny the School's motion for summary judgment. The IHO's order is affirmed and A.M. is awarded two years of compensatory education and all other relief granted by the IHO. Furthermore, after reviewing for clear error, the Court also adopts the Magistrate Judge's recommendation to deny A.M.'s motion for sanctions.[2]

## IV. RELIEF FROM CASE MANAGEMENT PLAN

A.M.'s Counterclaim (Dkt. 35) remains pending for trial. On August 15, 2012, the School filed a Motion Requesting Relief from the Case Management Plan and proposed a new scheduling order which maintains the current bench trial date of January 4, 2013. A.M. objects to the proposed new scheduling order, and offers its own scheduling order which provides for trial in April 2013. The Court finds the School's proposed schedule (Dkt. 100) to be reasonable and the proposed deadlines listed in said docket shall apply.

---

[2] *See Adkins v. Mid-American Growers, Inc.*, 143 F.R.D. 171, 176 (N.D. Ill. 1992) (treating Rule 11 motion for sanctions as nondispositive motion for purposes of Fed. R. Civ. P. 72). Even if a Rule 11 motion for sanctions is considered a dispositive motion, neither party objected to this portion of Magistrate Judge Baker's Report and Recommendation. Therefore, the Court still reviews this portion for clear error. *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

## V. CONCLUSION

For the reasons set forth above, the School's motion for summary judgment (Dkt. 65) is **DENIED**. A.M.'s motion for sanctions (Dkt. 76) is **DENIED**. A.M.'s motion for partial summary judgment (Dkt. 62) is **GRANTED**. Further, the Court approves the School's proposed scheduling order (Dkt. 100) and the motion is **GRANTED**.

SO ORDERED.    08/29/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Alexandra Marie Curlin
THE CURLIN LAW OFFICE
amcurlin@curlinlaw.com, amcurlin@sbcglobal.net, htmccabe@curlinlaw.com

Andrew Anthony Manna
CHURCH CHURCH HITTLE & ANTRIM
andrew@cchalaw.com, lperry@cchalaw.com, wareham@cchalaw.com

Catherine Marie Michael
HOLLINGSWORTH & ZIVITZ, P.C.
CMichael@hzlegal.com, cmm137@aol.com

Alexander Phillip Pinegar
CHURCH CHURCH HITTLE & ANTRIM
apinegar@cchalaw.com, ruschak@cchalaw.com